PANICH, EXECUTOR v. BUSINESS MEN'S ASSURANCE
COMPANY OF AMERICA.

4-8823                                          219 S. W. 2d 610

Opinion delivered April 18, 1949.

*Frank H. Cox*, for appellant.

*Charles W. Mehaffy, Pat Mehaffy* and *William H. Donham*, for appellee.

GEORGE ROSE SMITH, J. The question presented by this appeal is whether a $1,000 policy of accident insurance issued by the appellee to Brunck Lewis was in force when the insured was killed accidentally on April 4, 1947. The policy was issued on May 16, 1946, for an original term ending July 1 of that year. A monthly renewal premium was paid by the insured on July 31, and a similar payment was made on the last or next to the last day of each succeeding month until the final payment on February 28, 1947.

This is the pertinent language in the policy; "Upon the expiration of the original term, or any subsequent term for which this policy may have been renewed, the insured may, with the consent of the Company, renew the policy . . . for a term of one month by the payment of one-third of the quarterly premium. A grace period ending . . . on the thirty-first day after any renewal premium falls due, during which period this

insurance shall be in full force and effect, will be allowed in the payment of all renewal premiums. If any renewal premium has not been received by that time . . . the policy shall expire. . . ." There is also a provision for reinstatement in the event of lapse.

Appellant contends that there was no grace period at the end of the original term. If this were true the policy lapsed on July 1 and was reinstated upon July 31. Upon that theory all monthly premiums were paid in advance, so that death occurred during the period of grace for payment of the April premium. But even when the policy is construed most strongly against the appellee, this meaning cannot be wrung from its language. The contract states plainly that it may be renewed upon the expiration of the original term and that a grace period is allowed after any renewal premium falls due. Hence all monthly payments were made in time to prevent lapse, and the policy continued in force until thirty-one days after March 1, the due date of the premium that was not actually paid. As death occurred after the policy had lapsed, the appellant is not entitled to recover.

In the alternative appellant contends that the appellee, by accepting payments on the last day of each month, changed the premium date from the first to the last day of each month. Upon this premise the March premium was not due until March 31; so death occurred within the period of grace. But since the insured had the privilege of making payment on the last day of each month if he liked, the appellee's acceptance of each premium was simply a compliance with its contract and did not operate to change the due date.

Affirmed.